IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Jul 27 2020
U.S. DISTRICT COURT
Northern District of WV

**STEVEN DAIL EDGELL,**
**Executor of the Estate of ARCHIE D. EDGELL,**

      **Plaintiff,**

v.                                            CIVIL ACTION NO.: 1:20-CV-145 (Keeley)

**UNITED STATES OF AMERICA,**

      **Defendant.**

## COMPLAINT

Comes now Plaintiff, Steven Edgell, as Executor of the Estate of Archie D. Edgell, and for his cause of action against the Defendant, states as follows:

1. Plaintiff, Steven Dail Edgell, is the son of Archie D. Edgell, deceased. Plaintiff was appointed Executor of the Estate of Archie Edgell by the Doddridge County Commission on May 16, 2019 and brings these claims for relief for the benefit of the family and Estate of Archie D. Edgell.

2. The Defendant United States of America, through the United States Veterans Health Administration and the United States Department of Veterans Affairs ("VA"), at all times alleged herein is the federal governing body responsible for funding, operating, administering, controlling, supervising, and managing the business and employment affairs, and implementing the healthcare program of the VA available to eligible military veterans. The Louis A. Johnson VAMC located in Clarksburg, West Virginia, is the healthcare facility at issue and where the negligent and wrongful conduct occurred.

3. Glenn R. Snider, Jr., M.D., FACP at all relevant times was the medical director of the Lewis A. Johnson VAMC and operated the Clarksburg VA through a Leadership Team, who

were all agents and/or employees of the Defendant, The United States of America.  Dr. Snider, his Leadership Team, hospitalist physicians, nursing management, nursing staff, and pharmacy violated non-discretionary rules, directives, and protocols they were required to follow to deliver safe quality medical care to Veterans.  The violations of these non-discretionary rules, directives, and protocols were a cause of Archie Edgell's death.

4. The United States of America, employed Dr. Glen Snider, Craig Ausmus, M.D., Clara G. Wang-Liang, M.D., Caitlin Corbitt, M.D., as well as various nurses, pharmacists, administrators, respiratory therapists, and assistants to nurses, who were negligent, deviated from the appropriate standard of care, and participated in causing or failing to prevent the acute severe hypoglycemia event, negligent post-event management, and the death of Archie Edgell.

5. The United States of America is legally liable for the medical negligence of its employed physicians, nurses, pharmacy personnel, technologists, administrators, and nursing assistants, and is liable for the violations of non-discretionary rules, directives, and protocols by Dr. Snider, and his Leadership Team, hospitalist physicians, nursing management, and pharmacy inventory management which were a cause of Archie Edgell's wrongful death.

6. Plaintiff's causes of action arise under the Federal Tort Claims Act of 1948, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, 38 U.S.C. §7316(a) and (f), West Virginia Code §§55-7B-1, *et seq.*, and West Virginia Code §55-7-6.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1346(b).  Pursuant to 28 U.S.C. §1391(e), venue is proper in the Judicial District where a substantial number of the events involved occurred or where the Plaintiff resides, if there is no real property at issue.  All the acts and omissions which give rise to the claims occurred in Clarksburg, Harrison County, West Virginia.

8. On October 15, 2019, Plaintiff submitted an administrative claim Form-SF95 to the Department of Veterans Affairs. On November 5, 2019, the U.S. Department of Veterans Affairs sent Plaintiff, through counsel, a letter acknowledging receipt of his administrative claim. More than six months have passed since Plaintiff's submission of the administrative claim and no acceptance or payment of the claim has occurred. Additionally, Plaintiff has appropriately served the Defendant his Notice of Claim and Screening Certificate of Merit pursuant to W.Va. Code § 55-7B-6.

9. On March 22, 2018, Archie D. Edgell was admitted to Floor 3A at the Louis A. Johnson VAMC located in Clarksburg, WV. Mr. Edgell walked into the hospital and was being admitted for issues related to dementia. Mr. Edgell and his family were relying on the agents, servants, and employees at the Louis A. Johnson VAMC to protect Mr. Edgell and to provide him with reasonable and appropriate medical care.

10. Archie Edgell had a medical history that was significant for type II diabetes. Upon admission to Floor 3A on March 22, 2018 his blood sugar was 165. Physicians' Orders were that Mr. Edgell's diabetic medication was to be held and that he was not to be given insulin unless his blood sugar was over 200.

11. Over the course of the next 72 hours Mr. Edgell's blood sugars became dramatically unstable and catastrophically low and he experienced multiple unexplained severe hypoglycemic events. Mr. Edgell's severe hypoglycemia was in the face of no prescribed insulin being given.

12. Because his diabetic medication had been held and because no prescribed insulin was to be given, Mr. Edgell's blood sugars, if there was going to be significant movement, should have been elevated but instead were catastrophically low. Despite the fact that there was no legitimate reason for Mr. Edgell to have severe hypoglycemia, his healthcare providers made no effort to

determine why his blood sugars had become catastrophically low.  Further, his healthcare providers failed to make any effort to investigate whether Mr. Edgell had evidence of insulin in his body or blood stream from an unknown and unauthorized source.

13. During Mr. Edgell's episodes of life-threatening hypoglycemia from March 24, 2018 through the date of his death on March 26, 2018, the medical staff at the Louis A. Johnson VAMC, including physicians, nurses, nursing assistants, respiratory therapists, and others were negligent and deviated from the appropriate standard of care by failing to properly treat Mr. Edgell's severe hypoglycemia.  The failure to properly treat Mr. Edgell's severe hypoglycemia along with the failure to determine the cause of the hypoglycemia ultimately caused his death on March 26, 2018.

14. As of March 22, 2018, the Louis A. Johnson VAMC knew or should have known that they had numerous unexplained hypoglycemic related deaths of other veterans on Floor 3A.  The Administration and staff of the Louis A. Johnson VAMC had a non-discretionary duty to identify, investigate, and report these unexplained hypolgycemic deaths as adverse and/or sentinel events.  Despite this knowledge the administrators and physicians at the Louis A. Johnson VAMC made no effort to investigate these unexplained hypoglycemic deaths and failed to properly protect Archie Edgell and other veterans from a serial killer that the Louis A. Johnson VAMC had hired.

15. As of March 26, 2018, immediately after Mr. Edgell died from unexplained hypoglycemia, his physicians listed his cause of death as "Advanced Dementia."  This was not only erroneous but had nothing to do with his death and had Mr. Edgell's healthcare providers spent any time evaluating his care they would have realized this.  Instead, they simply wrote Mr.

Edgell off as yet another elderly veteran who had died despite his severe, unexplained hypoglycemia.

16. Because Mr. Edgell died as a result of unexplained severe hypoglycemia the standard of care required that a full autopsy with a toxicology evaluation be performed to investigate the true cause of his death and the administration and staff had a non-discretionary duty to identify Mr. Edgell's death as a sentinel event and timely report it to the appropriate regulators and Mr. Edgell's family.

17. It was not until late November 2018 that the Office of Inspector General came to the Edgell family and requested permission to exhume Archie Edgell's body in order to perform an autopsy. That autopsy was performed on December 12, 2018 (approximately 8 ½ months after Mr. Edgell's death). The autopsy report was not completed until June 25, 2019. The autopsy report was then amended on April 1, 2020. The cause of Archie Edgell's death was **EXOGENOUS INSULIN ADMINISTRATION.** The manner of death was **HOMICIDE**.

18. The Plaintiff alleges that the Defendant through its agents, servants, and employees including the administrators, physicians, nurses, nursing assistants, pharmacists, and other healthcare providers were negligent and deviated from the applicable standard of care in the following respects:

    a. Hiring Reta Mays without thoroughly vetting her personal and professional background, including an investigation into her education, training, and work experience to determine if she was physically, mentally, and emotionally qualified to safely administer care to patients at the Louis A. Johnson VAMC and specifically Archie Edgell;

    b.    Failing to thoroughly and properly mentor, train, and supervise Reta Mays from the time she was hired as a nursing assistant through the time she was ultimately fired as a nursing assistant at the Louis A. Johnson VAMC;

    c.    Failing to monitor the use of and properly store and safeguard, certain medications, including insulin;

    d.    Failing to timely recognize and thoroughly investigate the high number of unexplained hypoglycemic deaths on Floor 3A prior to Mr. Edgell's admission to the Louis A. Johnson VAMC on March 22, 2018 and protecting Mr. Edgell from a serial killer who the Louis A. Johnson VAMC had hired to care for Mr. Edgell;

    e.    Failing to investigate and determine the cause for Mr. Edgell's severe hypoglycemic events including, but not limited to, investigating whether Mr. Edgell had insulin in his body or blood stream during his admission of March 22, 2018 to the time of his death on March 26, 2018;

    f.    Failing to properly treat Mr. Edgell's severe hypoglycemia on March 24, 25, and 26, 2018; and

    g.    Failing to timely identify Mr. Edgell's death as an adverse and/or sentinel event and order that a full autopsy be performed including a toxicology screen immediately following Mr. Edgell's death on March 26, 2018.

19.    Each of the above-referenced deviations from the standard of care and/or a combination of these deviations from the standard of care caused or substantially contributed to the wrongful death of Archie Edgell.

20.    In addition to the negligence and deviations from the standard of care set forth in the preceding paragraphs the Defendant through its agents, servants and employees, including Dr.

Glen Snider (Medical Center Director), Dr. Pramoda Devabhaktni (Chief of Staff), Paul Carter (Associate Director for Patient Care Services), the facility risk manager, and the facility patient manager, and other members of Dr. Snider's Leadership Team violated multiple non-discretionary obligations which caused or substantially contributed to the death of Archie Edgell. These violations include the following:

    a.    Failing to identify, report and investigate abnormally high unexplained hypoglycemic related deaths on Floor 3A prior to March 22, 2018.

    b.    Failing to identify and report the abnormally high unexplained hypoglycemic deaths on Floor 3A as Adverse Sentinel Events prior to March 22, 2018.

    c.    Failing to conduct a Root Cause Analysis of the abnormally high unexplained hypoglycemic deaths on Floor 3A prior to March 22, 2018.

    d.    Failing to protect Archie Edgell and other veterans from Reta Mays, a serial killer, hired by the Louis A. Johnson VAMC to care for Mr. Edgell and others.

21. The violations of these non-discretionary obligations gave Reta Mays, an employee of the Louis A. Johnson VAMC, the means and opportunity to administer unauthorized lethal doses of insulin to Archie Edgell. These violations of non-discretionary obligations caused or substantially contributed to the death of Archie Edgell.

22. The wrongful death of Archie Edgell was a foreseeable consequence of the Defendant's negligence and violations of non-discretionary obligations committed by and through its employees as set forth in all proceeding paragraphs.

23. The United States of America is vicariously liable for the negligence of its employees and agents and it is specifically estopped from denying vicarious liability under the principles of employment and agency law.

24.     As a direct and proximate result of the Defendant's negligence, carelessness, recklessness, incompetent management and supervision, willful lack of care, deviations from the applicable standard of medical care, and violations of non-discretionary duties, protocols, directives and rules, Archie Edgell suffered pain, fear, mental anguish, anxiety and ultimately his death. Archie Edgell, deceased, and his estate suffered all damages allowed under W.V. Code Section 55-7-6 in that regard, the estate has incurred the funeral and burial expenses, as well as the loss of financial benefits; loss of services of the decedent; loss of the society of the decedent including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, as well as all other damages allowed by law.

**Wherefore,** Steven Edgell, as Executor of the estate of Archie Edgell, demand judgment from the defendant in such sums as will adequately compensate the estate for the damages, harms and losses caused by the defendant, which said sums are well in excess of the amounts necessary to confer jurisdiction on this Court, and for such other relief as may be proper under the law.

**STEVEN EDGELL, As the Duly Appointed Administrator for the ESTATE OF ARCHIE EDGELL, Plaintiff,**

/s/ Dino S. Colombo
**Dino S. Colombo (WV Bar No. 5066)**
**Travis T. Mohler (WV Bar No. 10579)**
**COLOMBO LAW**
341 Chaplin Road, 2nd Floor
Morgantown, West Virginia 26501
Phone:      (304) 599-4229
Fax:         (304) 599-3861
dinoc@colombolaw.com
travism@colombolaw.com
*Counsel for Plaintiff*